IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TOBY ROBERTO MACKALL,
                               *

    Plaintiff,
                               *

     v.                         *          Civil Action No. RDB-17-0774

                               *

UNITED STATES DEPARTMENT
OF DEFENSE, *et al.*,               *

    Defendants.              *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Major Toby Roberto Mackall ("Plaintiff" or "Major Mackall") filed this action against the United States Department of Defense ("Department of Defense"), Major General Clark W. LeMasters, Jr. ("Major General LeMasters"), Colonel Timothy D. Luedecking ("Colonel Luedecking"), Lieutenant Colonel Myron L. Bell ("Lieutenant Colonel Bell"), and Major Matthew D. Tobin ("Major Tobin") (collectively, "Defendants").[1] Originally filed as two separate actions (RDB-17-0774 and RDB-17-0865), the cases were consolidated and the RDB-17-0865 case was dismissed by Memorandum Order dated November 16, 2017 (ECF No. 20).

Currently pending before this Court are Defendants' Motion to Dismiss (ECF No. 8), Plaintiff's Motion for Partial Summary Judgment (ECF No. 16), and Defendants' Motion to Stay (ECF No. 17). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendants'

---

[1] This Court will refer to the named Defendants, Defendants Major General LeMasters, Colonel Luedecking, Lieutenant Colonel Bell, and Major Tobin as the "Individual Defendants."

Motion to Dismiss (ECF No. 8) is GRANTED. Accordingly, Plaintiff's Motion for Partial Summary Judgment (ECF No. 16) is DENIED AS MOOT and Defendants' Motion to Stay (ECF No. 17) is DENIED AS MOOT.

## BACKGROUND

When reviewing a Motion to Dismiss, the Court accepts as true the facts alleged in the Plaintiff's Complaint. *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011); *Quintana v. City of Alexandria*, Case No. 16-1630, 692 Fed. App'x. 122, 124 (4th Cir. June 6, 2017). Plaintiff Major Toby Mackall's claims stem from his demotion following the active shooter event in Fort Hood, Texas in April of 2014.[2] (Compls., ECF Nos. 1, 21.)[3] At that time, Major Mackall was serving as the Executive Officer ("XO") of the 49th Movement Control Battalion. (ECF No. 8-1 at 2.) He served under Defendant Lieutenant Colonel Bell, who reported to Defendant Colonel Leudecking, who in turn reported to Defendant Major General LeMasters. (*Id.* at 2-3.) On April 2, 2014, Plaintiff was leading a staff meeting with his unit when the active shooter event began. (*Id.* at 3.) After the unit heard the gunshots, Plaintiff decided to exit the building. (*Id.*) He maintains, however, that he remained "present and responding to the shooting." (ECF No. 1 at 6.) At the same time, Sergeant First Class Daniel Ferguson stayed to prevent the shooter from entering the meeting, and was shot and killed in the process. (ECF No. 8-1 at 3.)

---

[2] Because Plaintiff's Complaints do not provide much detail, this Court describes this case's background with facts from the Complaints and also facts from the Defendants' Motion to Dismiss that Plaintiff did not oppose. By failing to address or oppose an argument, a plaintiff abandons his or her opposition to a defendant's assertion. *See Dwyer v. Discover Financial Services*, No. WMN-15-2322, 2015 WL 7754369, at *1 n. 2 (D. Md. Dec. 2, 2015); *see also Grant-Fletcher v. McMullen & Drury, P.A.*, 964 F. Supp. 2d 514, 525 (D. Md. 2013).

[3] ECF No. 1 is Plaintiff's Complaint against the Department of Defense. ECF No. 21, initially filed in Case No. RDB-17-0856, is Plaintiff's Complaint against the Individual Defendants.

Major Mackall was subsequently removed from his leadership position on April 14, 2017. (ECF No. 1 at 6.) Plaintiff claims that his abrupt removal was due to allegations that he was insensitive in the aftermath of the event and his filing of a "pre-event complaint [in December of 2013 and March of 2014] regarding the command climate and insubordination on-going in the unit." (*Id.*) Further, that there was an organized effort to "discredit his leadership by unit leaders and responsible management officials . . . in an attempt to discredit any and all communications attempted to disclose the truth about the command climate and organization that contributed to the horrific actions of the shooter." (*Id.*) Specifically against Defendants Colonel Luedecking and Lieutenant Colonel Bell, Plaintiff claims that they presented false and misleading statements to investigators regarding his leadership and allegations of senior leaders' misconduct. (ECF No. 21 at 6.) As a result, Plaintiff's leadership style was labeled "toxic." (*Id.*) Plaintiff brought a claim of whistleblower reprisal, which Defendant Major Tobin, acting as Detailed Inspector General, investigated. (ECF No. 1 at 6; ECF No. 8-1 at 5.) Plaintiff claims that Defendant Major Tobin defamed him "when re-stating the findings from the investigation conducted by the unit, instead of conducting an independent investigation." (ECF No. 21 at 6.)

Plaintiff brings claims against all Defendants for violating his 5th and 14th Amendment rights and for whistleblower retaliation in violation of 10 U.S.C. § 1034. (ECF No. 1 at 4; ECF No. 21 at 4.) Against the Department of Defense, Plaintiff also brings a negligence claim for his "personal injury caused by negligent government employees acting within the scope of their employment and the subsequent personnel actions not properly addressed regarding alleged corruption." (ECF No. 1 at 7.) Against the Individual

Defendants, Plaintiff also brings claims for deprivation of rights under 42 U.S.C. § 1983,[4] making fraudulent and false statements in violation of 18 U.S.C. §§ 1001, 1038(b), retaliation, and defamation and libel. (ECF No. 21 at 4.)

## STANDARD OF REVIEW

### I.     Motion to Dismiss Under Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D. Md. 2005). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).

In a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, however, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. The court, therefore, "may regard the pleadings as mere evidence on the

---

[4] Plaintiff's Complaint cites 41 U.S.C. § 1983. Construing his Complaint liberally, as mandated by *Erickson v. Pardus*, 551 U.S. 89 (2007), this Court interprets his claim as under 42 U.S.C. 1983.

issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

## II.    Motion to Dismiss Under Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To satisfy Rule 8(a)(2), a complaint need not include "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a plaintiff must plead more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555. A complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirecTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). Further, a *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, __ Fed App'x __, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). However, even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

I.     **Constitutional claims**

A. **Constitutional claims against the Individual Defendants**

An individual can bring "a suit for damages against federal officials whose actions violated [the] individual's constitutional rights." *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). However, before determining that a *Bivens* action is appropriate, courts must consider "special factors counseling hesitation" against permitting such suit. *Chappell v. Wallace*, 462 U.S. 296, 298, 103 S.Ct. 2362, 2365 (1983). In *Chappell*, the Court considered such factors and held that "the unique disciplinary structure of the military establishment and Congress' activity in the field constitute 'special factors' which dictate that it would be inappropriate to provide enlisted military personnel a *Bivens*-type remedy against their superior officers." *Id.* at 304. Accordingly, the Court stated that, "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." *Id.* at 305.

Four years after *Chappell*, the Court adopted the "incident to service" test for determining whether a *Bivens* action is available in the military context. *United States v. Stanley*, 483 U.S. 669, 107 S.Ct. 3054 (1987) (citing *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153 (1950)); *see also Aiken v. Ingram*, 811 F.3d 643, 649 (4th Cir. 2016) ("*Stanley* clarified that the *Feres* "incident to service" test is applicable to constitutional claims under *Bivens*.") Under this

test, "no *Bivens* remedy is available for injuries that 'arise out of or are in the course of activity incident to service.'" *Stanley*, 483 U.S. at 684, 107 S.Ct. 3054 (quoting *Feres*, 340 U.S. at 146, 71 S.Ct. at 159).

Plaintiff alleges that the Individual Defendants violated his 5th and 14th Amendment rights by interfering with a federal investigation and by denying him due process when he was demoted from his position as the Battalion Executive Officer. (ECF No. 10-1 at 6.) He argues that these claims do not "arise out of" his service because the "claims are not a challenge to the management of the military or the supervision of service members, but claims alleging those actions taken by individuals that violated the Plaintiff's basic human and individual rights." (*Id.* at 16.) The thrust of Plaintiff's claims appears to be that he was not demoted for what occurred on April 2, 2014, but rather for complaints he lodged with the 13th Sustainment Command concerning violations of the Uniform Code of Military Justice. (ECF No. 10-1 at 2-3.) Then, after his demotion, Defendants allegedly conducted an investigation that was a "conspired effort of defamation, to show cause for why Defendant[s] . . . abruptly terminated the Plaintiff's position." (ECF No. 12-1 at 16.) Undoubtedly, Plaintiff's constitutional allegations attempt to "directly challenge 'the wisdom of a wide range of military and disciplinary decisions,' . . . [and] directly challenge the decisions made within the ultimate chain of military command." *Cioca v. Rumsfeld*, 720 F.3d 505, 514 (4th Cir. 2013) (quoting *United States v. Shearer*, 473 U.S. 52, 58, 105 S.Ct. 3039 (1985)). This Court must therefore respect "the judicial deference to Congress and the Executive Branch in matters of military oversight required by the Constitution," *Cioca*, 720 F.3d at 518, and Plaintiff's constitutional claims against Individual Defendants are dismissed.

### B. Constitutional claims against the Department of Defense

Plaintiff also brings constitutional claims against the Department of Defense for violating his presumption of innocence and due process rights under the 5th and 14th Amendments. However, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996 (1994). While *Bivens* holds that sovereign immunity does not shield federal *officers* from liability for constitutional violations, the Court has not extended this waiver to federal agencies. *Radin v. United States*, 699 F.2d 681, 685 (4th Cir. 1983); *Willis v. Ashcroft*, Case No. 03-2284, 92 Fed. App'x. 959 (4th Cir. Apr. 6, 2004) (affirming the district court's holding that the Department of Justice is immune from suit (citing *Radin*, 699 F.2d)). Accordingly, Plaintiff's constitutional claims against the Department of Defense are dismissed.

## II.    Tort claims

Plaintiff also brings tort claims against both the Individual Defendants, for defamation and libel, and the Department of Defense for negligence. The Federal Tort Claims Act (FTCA) is the exclusive remedy for all tort suits against the government and its employees who commit tortious acts within the course of their employment. 28 U.S.C. § 2679(b)(1); *United States v. Smith*, 499 U.S. 160, 166, 111 S.Ct. 1180 (1991); *Ross v. Fed. Bureau of Alcohol, Tobacco, and Firearms*, 807 F.Supp.2d 362, 369 (D. Md. 2011). This Court therefore analyzes Plaintiff's tort claims under the FTCA.

### A. Tort claims against Individual Defendants

#### 1.  The United States is substituted for Individual Defendants

When a tort claim is brought against an individual federal employee, the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act") authorizes the United States Attorney General to certify that the employee was acting within the scope of his employment at the time of the incident giving rise to the claim. 28 U.S.C. § 2670(d); *United States v. Al-Hamdi*, 356 F.3d 564, 572 n. 9 (4th Cir. 2004). If so certified, the case proceeds with the United States substituted for the federal employee. 28 U.S.C. § 2679(d)(2); *Ross*, 309 F.3d at 833. On June 29, 2017, the Acting United States Attorney for the District of Maryland certified that the Individual Defendants were each "an employee of the United States acting within the scope of [their] employment at the time of the alleged incident out of which plaintiff's claims arose."[5] (ECF No. 8-3, Certification of Stephen M. Schenning). Accordingly, the Government has made a proper certification under the Westfall Act, and for the purposes of Plaintiff's tort claims, the United States is substituted as a party for the Individual Defendants.

### 2. Plaintiff has failed to exhaust his administrative remedies for his tort claims against the United States

"'It is well established that the United States Government, as sovereign, is immune from suit unless it consents to be sued.'" *Khatami v. Compton*, 844 F.Supp.2d 654, 663 (D. Md. 2012) (quoting *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990)). Under the FTCA, Congress created a limited waiver of sovereign immunity, permitting suit only if requirements prescribed by Congress are met. *Id.* (citing *Gould*, 905 F.Supp.2d at 663; 28 U.S.C. §§ 2671-80). One requirement is that a plaintiff must exhaust his

---

[5] The Attorney General's authority to certify has been delegated to the United States Attorneys. 28 C.F.R. § 15.4(a); *Ross v. Bryan*, 309 F.3d 830, 833 (4th Cir. 2002).

or her administrative remedies before bringing a claim against the United States. 28 U.S.C. §

2675(a); *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980 (1993). This exhaustion

requirement is jurisdictional and cannot be waived. *Khatami*, 844 F.Supp.2d at 663 (D. Md.

2012) (citing *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994)).

In this case, Plaintiff has not exhausted his administrative remedies. (*See* Exh. 3,

Declaration of Connie M. McConahy, Acting Chief, Operations and Records Branch, United

States Army Claims Service.) Although Plaintiff claims that he has attempted to exhaust his

remedies by submitting requests regarding the status of his applications, ECF No. 12-1 at 10,

11, he never filed an administrative claim with the Army's Claim Service. (Exh. 3.) Therefore,

he has not exhausted his administrative remedies and this Court does not have jurisdiction to

hear his claim.

Even if Plaintiff had exhausted his administrative remedies, sovereign immunity

would bar his suit. The "incident to service test" applied to *Bivens* actions initially originated

in the context of the FTCA. In *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153 (1950), the

Supreme Court held that "the Government is not liable under the Federal Tort Claims Act

for injuries to servicemen where the injuries arise out of or are in the course of activity

incident to service." *Id.* at 146, 71 S.Ct. 153. As this Court recently explained in *Fianko v.

United States*, No. PWG-12-2025, 2013 WL 3873226 (D. Md. July 24, 2013), although "the

*Feres* doctrine has been the subject of pointed criticism," it "has been a nearly impregnable

barrier to negligence lawsuits under the Federal Tort Claims Act by servicemembers for

more than sixty years." *Id.* at *6. As the United States Courts of Appeals for the Fourth

Circuit stated, "the proper question is whether the plaintiff's claims 'are the type of claims

that, if generally permitted, would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness.'" *Stewart v. United States*, 90 F.3d 102, 106 (4th Cir. 1996) (quoting *United States v. Shearer*, 473 U.S. 52, 59, 105 S.Ct. 3039, 3043 (1985)). Plaintiff claims that he was "defamed by unit leaders . . . by executing a removal (Libel) from position . . . prior to conducting an investigation into allegations of 'insensitivity.'" (ECF No. 21 at 7.) Because his tort claims, like his *Bivens* claims, relate to his demotion and subsequent investigation, the claims arise out of and are incident to his military service, and therefore Plaintiff's tort claims against the United States are barred by sovereign immunity.

### B. Tort claim against the Department of Defense

As to Plaintiff's negligence claim against the Department of Defense, the FTCA does not authorize suits against federal agencies. 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 114 S.Ct. 996 (1994). Because the Department of Defense is not amenable to suit under the FTCA, Plaintiff's claim is dismissed. *Chang-Williams v. Dept. of the Navy*, 766 F.Supp.2d 604, 608 (D. Md. 2011) ("The FTCA expressly provides that federal agencies are not amendable to suit under its provisions.").

### III. Whistleblower claims

Plaintiff brings a claim for whistleblower retaliation against the Department of Defense and the Individual Defendants under the Military Whistleblower Protection Act ("MWPA") (codified at 10 U.S.C. § 1034). However, the MWPA only provides for administrative remedies; it does not provide a private cause of action. *See Klingenschmitt v.*

*United States*, 119 Fed. Cl. 163, 185 (Fed. Cl. 2014) ("The existence of this comprehensive scheme establishes that Congress did not intend to provide plaintiffs with a private cause of action to enforce their rights under the MWPA in court."); *see also Penland v. Mabus*, 78 F.Supp.3d 484, 495 (D.D.C. 2015) ("[T]he MWPA does not provide a private cause of action."). Therefore, Plaintiff's whistleblower retaliation claims are dismissed.

## IV.     1983 Claim against Individual Defendants

Against the Individual Defendants, Plaintiff brings a claim under 42 U.S.C. § 1983 for deprivation of rights. However, Section 1983 only provides relief for constitutional violations committed by state employees, not federal officers. *Carlson v. Green*, 446 U.S. 14, 50 n.14, 100 S.Ct. 1468, 1487 (1980) (explaining that a Section 1983 action  is against a state officer and a *Bivens* action is against a federal officer); *Giancola v. State of W.Va. Dept. of Public Safety*, 830 F.3d 547, 549-50 (4th Cir. 1987) ("However, since section 1983 reaches only those acting under color of state law, the liability of the federal officers, if any, must be pursuant to *Bivens*."). The proper claim, then, against a federal employee is a *Bivens* claim. As explained above, however, a *Bivens* remedy is not available for Plaintiff's claims given that they arise out of and are in the course of activity incident to his service. *Stanley*, 483 U.S. at 684, 107 S.Ct. 3054.

## V.     Fraudulent and false statement claims

Finally, Plaintiff brings claims against the Individual Defendants for making fraudulent and false statements under 18 U.S.C. §§ 1001, 1038(b). Section 1001 criminalizes false statements and similar misconduct occurring "in any manner within the jurisdiction of any department or agency of the United States."  It does not, however, create a private cause

of action. *See Federal Sav. And Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137-38 (4th Cir. 1987) (finding no basis for implying a civil cause of action from 18 U.S.C. § 1001); *see also Stewart v. Santander Consumer USA Inc.*, No. WDQ-11-1269, 2011 WL 4790756, at *4 (D. Md. Oct. 6, 2011) (dismissing with prejudice the plaintiff's claim under 18 U.S.C. § 1001 "in the interest of judicial economy" because the statute does not provide a private cause of action).

While Section 1038(b) does create a private cause of action, the statute pertains to conduct involving false or misleading information "under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take pace that would constitute a violation of [various statutes relating to weapons and explosives, terrorist acts, and related activities] . . .." 28 U.S.C. § 1038(b). As the United States Court of Federal Claims explained, this statute does not "provid[e] a general remedy for the distribution of false information not necessarily related to criminal activity." *Manuel v. United States*, 78 Fed. Cl. 31, 35 (Fed. Cl. 2007). Rather, "the provision acts only as an additional layer of enforcement against those who violate 18 U.S.C. § 1038(a)(1), and is not intended to represent a stand alone cause of action." *Id.* Plaintiff alleges that Defendants Colonel Luedecking and Lieutenant Colonel Bell "presented false and misleading statements to investigators regarding the plaintiff's leadership and allegations of senior leader misconduct." (ECF No. 21 at 7.) Given that these claims do not relate to terrorist or criminal acts such as those contemplated by § 1038(b), Plaintiff cannot obtain a general remedy for providing allegedly false information under this statute. Accordingly, Plaintiff cannot bring claims under 18 U.S.C. §§ 1001, 1038(b) and these claims are dismissed.

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED. Accordingly, Plaintiff's Motion for Partial Summary Judgment (ECF No. 16) is DENIED AS MOOT and Defendants' Motion to Stay (ECF No. 17) is DENIED AS MOOT.

A separate Order follows.

Dated: November 20, 2017

_____/s/_____
Richard D. Bennett
United States District Judge